IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No.  14-cv-03417-LTB

AUTO-OWNERS INSURANCE COMPANY, a Michigan corporation,

   Plaintiff/Counter-Defendant,

v.

SUMMIT PARK TOWNHOME ASSOCIATION, a Colorado corporation,

   Defendant/Counter-Plaintiff.
_____

**ORDER**
_____

This insurance coverage matter is before the Court on Plaintiff/Counter-Defendant Auto-Owners Insurance Company's ("Auto-Owners") Motion for Leave to File Amended Complaint [Doc. # 48]. I have reviewed the motion and case file and am otherwise fully advised in the premises. As I ruled at the hearing held on March 31, 2016, and for the reasons set forth herein, I **GRANT** the motion.

### I.  Background

Auto-Owners filed this declaratory judgment action on December 18, 2014. Auto-Owners seeks to determine the extent of coverage under a property insurance policy it issued to Defendant/Counter-Plaintiff Summit Park Townhome Association ("Summit Park") for damage to buildings on Summit Park's premises from a 2013 hailstorm. At the outset of this case, Summit Park invoked the appraisal provision of the policy, under which "each party will select a competent and impartial appraiser," the court selects an umpire if the appraisers cannot agree on a selection, and a "decision agreed to by any two" of the three as to the "value of the property

and amount of loss" "will be binding." Doc. # 6-1 at 78.  The policy provides that Auto-Owners "will pay for covered loss or damage within 30 days after we receive the sworn proof of loss . . . if [a]n appraisal award has been made." *Id.* at 80.

On February 9, 2015, Auto-Owners filed the currently operative complaint, the Second Amended Complaint.  Doc. # 6.  In that complaint, Auto-Owners asserts three claims for relief, seeking a declaratory judgment: (1) that the policy "does not provide coverage for Summit Park's property damage claim"; (2) "that Summit Park's claim for insurance benefits exceeds the actual scope of damage and, thus, is not covered by the policy"; and (3) "that Auto-Owners need not repair and/or replace undamaged property to achieve 'matching.'" *Id.* at 25-28 (capitalization removed).  Auto-Owners also asserts a fourth claim for relief alleging that "the appraisal clause of the policy is inapplicable under the circumstances presented here." *Id.* at 29.

On April 14, 2015, I ordered the appraisal process to proceed and stayed further proceedings pending completion of that process.  Doc. # 17.  After litigation regarding guidelines to govern the appraisal process and selection of an umpire, the appraisal process proceeded.  On December 23, 2015, an appraisal award was filed with the Court.  Doc. # 35.  On January 20, 2016, Auto-Owners paid Summit Park $9,700,025.71 towards the "actual cash value" set forth in the appraisal award, excluding prior payments and including certain disputed items not yet determined by the Court.  In a letter accompanying the payment, Auto-Owners stated that it was "making this payment under a full and complete reservation of all of its rights under the policy and applicable law."  Doc. # 59-23 at 1.  On March 31, 2016, after extensive briefing and oral argument, I vacated the appraisal award because Summit Park's appraiser, George Keys, is not "impartial" as required by the policy.  Docs. # 68, 69.

## II.  Analysis

In the instant motion, Auto-Owners seeks to amend its complaint to add claims: (1) for a declaratory judgment that the policy's "fraud clause" bars coverage because Summit Park submitted a "padded" or "inflated" claim; (2) for breach of contract based on Summit Park's breach of the fraud clause and other provisions of the policy; (3) for breach of the covenant of good faith and fair dealing based on Summit Park's "engaging in a pattern of conduct designed to deprive Auto-Owners of its rights and benefits under the policy"; (4) for unjust enrichment based on Auto-Owners' payment of the appraisal award; and (5) for recoupment based on Auto-Owners' payment of the appraisal award.  Doc. # 48-2 at 39-48.  Auto-Owners also seeks to drop its claim that the appraisal clause does not apply in this case.  *Id.* at 48.

Under Federal Rule of Civil Procedure 15(a)(2), the "court should freely give leave" to amend a pleading before trial "when justice so requires."  A district court abuses its discretion by denying leave to amend where it does not justify its denial with "a reason such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, [or] futility of amendment.'"  *First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 1132 (10th Cir. 1987) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

None of the factors justifying denial of leave to amend are present here.  Proceedings in this case were stayed from April 2015 to January 2016.  Docs. # 17, 39.  No discovery has taken place and no scheduling order has been entered.  Many of the facts underpinning the new claims surfaced only recently, in relation to the litigation over whether Summit Park's appraiser, George Keys, was impartial, as is further described in my order of April 4, 2016.  *See* Doc. # 69.

Accordingly, I perceive no undue delay, bad faith, or dilatory motive on Auto-Owners' part. Nor has Auto-Owners previously sought leave of court to amend its complaint. I also have no reason to believe that allowing Auto-Owners to amend its complaint would cause Summit Park to suffer undue prejudice at this early stage of the litigation.

Finally, I do not see any indication that Auto-Owners' amendments would be futile. *See Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."). The proposed recoupment and unjust enrichment claims are potentially supported by Auto-Owners' payment of the appraisal award under a reservation of rights. And the other proposed claims are potentially supported by undisputed facts that emerged in the proceedings concerning Mr. Keys' impartiality. Should Summit Park wish to bring to the Court's attention any grounds for dismissing Auto-Owners' new claims pursuant to Federal Rule of Civil Procedure 12(b), it may, of course, do so by motion once Auto-Owners files its Third Amended Complaint.

### III. Conclusion

Accordingly, it is **ORDERED** that the motion [Doc. # 48] is **GRANTED**. Auto-Owners shall file its Third Amended Complaint by April 15, 2016.

**DATED**: April  6 , 2016, at Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE